NO. 07-06-0330-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 15, 2006



______________________________




LEMUEL MATTHEW SHELTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14964-0305; HONORABLE ED SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Lemuel Matthew Shelton was convicted of driving while intoxicated and
sentenced to five years confinement and a $2,500 fine, suspended in favor of community
supervision. On February 6, 2006, the trial court granted the State's motion to revoke
community supervision and imposed the original sentence. On July 27, 2006, appellant
filed a pro se document indicating he had expressed to his appointed counsel, Laurie Key,
an intent to appeal the judgment revoking community supervision. He maintains an appeal
bond of $20,000 was posted and that he was later arrested for failing to prosecute the
appeal. The Hale County District Clerk confirmed by letter that an appeal bond had been
posted on February 6, 2006. The District Clerk also noted that on April 4, 2006, appellant
was in her office and had expressed an intent to appeal his revocation, but did not file any
documents. We dismiss for want of jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. See Tex. R. App. P. 25.2(c) & 26.2(a)(1). The
Texas Rules of Appellate Procedure provide a fifteen-day window in which to file the notice
of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3. This
Court is without jurisdiction to address the merits of an appeal and can take no action other
than to dismiss the appeal if it is not timely perfected. See Slaton v. State, 981 S.W.2d
208, 210 (Tex.Cr.App. 1998). Appellant's intent to appeal expressed in the document filed
on July 27, 2006, is untimely and does not invoke this Court's jurisdiction.

 Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of
habeas corpus returnable to the Texas Court of Criminal Appeals. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3 (Vernon 2005). See also Ex parte Axel, 757 S.W.2d 369, 374
(Tex.Cr.App. 1988) (holding that counsel has a duty to perfect an appeal whether appointed
or retained).

 Accordingly, we dismiss the purported appeal for want of jurisdiction.

 Don H. Reavis

 Justice



Do not publish.



ly: 'Arial', sans-serif">FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 55,347-A & 55,348-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Pursuant to open pleas of guilty, Appellant, Joshua McCabe Sutton, was convicted
of delivery of a controlled substance. Punishment was assessed at eight years
confinement in each case. The Trial Court’s Certifications of Defendant’s Right of Appeal
have two options checked: (1) “[i]s a plea-bargain case, and the defendant has NO right
of appeal,” and (2) “[t]he defendant has waived the right of appeal.” Additionally, the
certifications include a handwritten notation that defendant “retains right of appeal on
punishment issues.” As prepared, the certifications in these cases are confusing and
defective. Nothing in Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure limits a
defendant’s right to appeal a case in which the defendant enters an open plea of guilty, i.e.,
without a recommendation on punishment, to punishment issues only. See Dears v. State,
154 S.W.3d 610, 613 (Tex.Crim.App. 2005).
          Consequently, we abate these appeals and remand the causes to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure proper Certifications of Defendant’s Right of Appeal in compliance with Rule
25.2(d).


 Once properly completed and executed, the certifications shall be included in a
supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by May 19, 2008.
This order constitutes notice to all parties of the defective certification pursuant to Rule
37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
          Should the trial court certify that Appellant has the right of appeal, it should also
determine the following:
          1.      whether Appellant desires to prosecute the appeal; and
2.whether Appellant is indigent and entitled to appointed counsel.
 
Should it be determined that Appellant has the right of appeal and desires to continue the
appeal and the court determines that he is indigent and entitled to appointed counsel, the
name, address, telephone number, and state bar number of the newly-appointed counsel
shall be provided to the Clerk of this Court. In that situation, the trial court shall cause its
findings, conclusions, and orders, if any, to also be included in a supplemental clerk's
record. Finally, the trial court shall cause this supplemental clerk's record to be filed with
the Clerk of this Court by May 19, 2008.
          Pending before this Court is a motion for extension of time in which to file the clerk’s
record in which the clerk indicates that Appellant has not paid nor made arrangements to
pay for the record. The motion also indicates that Appellant is proceeding pro se. We
defer ruling on this motion pending receipt of the supplemental clerk’s record containing
the corrected certification of Appellant’s right to appeal.
          The reporter’s record was due to be filed by March 20, 2008. The Court sua sponte
suspends this deadline pending receipt of the supplemental clerk’s record containing the
corrected certifications of Appellant’s right to appeal.
          It is so ordered.
 
                                                                                      Per Curiam
 
Do not publish.